# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CARMENATE BAYRON,

    Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

    Respondent.

Case No. C17-1230-RAJ-MAT

REPORT AND RECOMMENDATION

Petitioner, who is currently detained at the Northwest Detention Center in Tacoma, Washington, bring this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention or a new bond hearing. (Dkt. 5.) The Government has moved to dismiss (Dkt. 8), and in lieu of filing a response, petitioner filed an "Informative Memorandum and Motion for Custody Redetermination" (Dkt. 11). The government responded to that motion. (Dkt. 12.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court recommends that the Government's motion to dismiss be GRANTED, petitioner's motion for custody redetermination and habeas petition be DENIED, and this action be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Petitioner, a native and citizen of Guatemala, became a lawful permanent resident of the United States in 2003. (Dkt. 9-1.) In November 2002 and September 2003, he was convicted in Iowa of criminal mischief in the third degree and marijuana possession, respectively. (Dkts. 9-2 & 9-3.) In September 2004, he was convicted in Nevada of transporting methamphetamines, a felony. (Dkt. 9-1 at 4; Dkt. 9-5 at 9.) His sentence was suspended, and he was released on probation. (Dkt. 9-6 at 2-3.) Petitioner violated his probation numerous times and ultimately stopped reporting. (*Id.*; Dkt. 9-8 at 6-7.)

In July 2015, petitioner was involved in a car accident in Iowa and later convicted of driving under the influence. (Dkt. 9-7 at 4.) He was then extradited to Nevada, where the Nevada court revoked his probation and imposed a 12-24 month sentence stemming from his 2004 conviction. (*Id.*; Dkt. 9-6 at 2-3.)

On August 10, 2016, the Department of Homeland Security ("DHS") took custody of petitioner in Nevada pursuant to a warrant. (Dkt. 9-9.) The same day, DHS issued a Notice to Appear, charging petitioner as removable under 8 U.S.C. § 1227(a)(2)(B)(i) based on his 2004 conviction. (Dkt. 9-4.) On October 20, 2016, an immigration judge ("IJ") ordered him removed to Guatemala. (Dkt. 9-10.) Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal. (Dkt. 9-11.) Petitioner filed a petition for review in the Ninth Circuit Court of Appeals, which stayed his removal. (Dkt. 9-14.) On October 26, 2017, the Ninth Circuit denied his petition for review. *Carmenate-Palencia v. Sessions*, No. 17-70677, Dkt. 14 (9th Cir. Oct. 26, 2017). On November 16, 2017, the Ninth Circuit lifted the temporary stay of removal. *Id.* at Dkt. 16.

On August 2, 2017, while his petition for review was pending, petitioner had a bond hearing. (Dkts. 9-2 & 9-15.) The IJ received evidence from petitioner and the Government, heard oral argument from both sides, and ultimately concluded that the Government sustained its burden of presenting clear and convincing evidence that petitioner posed a flight risk. (*See* Dkts. 9-5 & 9-16.) Petitioner appealed this decision to the BIA (Dkt. 9-17), which has not yet ruled.

## II. DISCUSSION

At the time petitioner initiated this action, he was detained under 8 U.S.C. § 1226(a).[1] *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 947 (9th Cir. 2008) (§ 1226(a) governs the detention non-citizens who have been ordered removed and whose removal has been judicially stayed pending ruling on a petition for review). Section 1226 provides the framework for the arrest, detention, and release of non-citizens who are in removal proceedings. It grants DHS the discretionary authority to determine whether a non-citizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings. 8 U.S.C. § 1226.

However, when the Ninth Circuit denied the petition for review and terminated the stay of removal, the authority for petitioner's detention shifted to 8 U.S.C. § 1231(a). *See Casas-Castrillon*, 535 F.3d at 947. Section 1231 governs the detention and release of non-citizens who have been ordered removed. Under § 1231(a), DHS is required to detain a non-citizen during the "removal period." 8 U.S.C. § 1231(a)(2). The removal period is the 90-day period that is triggered by, *inter alia*, the Ninth Circuit's denial of a petition for review and termination of a stay of

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

removal. 8 U.S.C. § 1231(a)(1)(B); *Casas-Castrillon*, 535 F.3d at 947. In this case, the removal period began on November 16, 2017, when the stay of removal was lifted, and will not expire or at least 90 days, or until February 14, 2018, at the earliest. Accordingly, petitioner's current detention is mandatory and his request for release or a new bond hearing must be denied.

### III. CONCLUSION

The Court recommends that the Government's motion to dismiss (Dkt. 8) be GRANTED, petitioner's motion for a custody redetermination (Dkt. 11) be DENIED, petitioner's habeas petition (Dkt. 5) be DENIED, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 22, 2017**.

Dated this 29th day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4